UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN FRASER,
*also known as Andrew Burrell*,

                     Petitioner,                                  97 CV 7358

      -against-                                     **MEMORANDUM**
                                                        **AND ORDER**

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------------X
A P P E A R A N C E S:

JOHN FRASER
#42103-053
A90-234-737/ #740-5
Federal Detention Center
P.O. Box 5010
Oakdale, LA 71463
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
1 Pierrepont Plaza
Brooklyn, NY 11201
By:    Paul Weinstein, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

        Petitioner John Fraser, also known as Andrew Burrell[1] ("Petitioner"), proceeding

---

[1] In a letter dated January 5, 2006, Petitioner advised the Court that the detention facility where he was held at that time would not accept mail correspondence addressed to "Andrew Burrell" or "any other names" besides that of "John Fraser." See Docket No. 97 CV 7358, Entry 60. Thus, Petitioner moves this Court to amend the caption of the case accordingly. This request is hereby GRANTED.

1

*pro se*,[2] filed a motion to reconsider (the "Motion to Reconsider"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") and 28 U.S.C. § 1651, also known as the All Writs Act (the "All Writs Act").[3] Petitioner implores the Court to reconsider the Memorandum and Order of the Court dated August 19, 2002 (the "August 19, 2002 Order"), in which the Court denied his motion to vacate, set aside, or correct his criminal conviction and sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). For the reason stated below, Petitioner's Motion to Reconsider is denied.

## BACKGROUND

The Court will only recount the facts and procedural history of this case deemed relevant for the disposition of the motion at bar, as the intricacies are presumed to be known by the parties.

On December 29, 1993, a jury found Petitioner guilty of possessing a firearm as a

---

[2] Petitioner also moves to proceed *in forma pauperis* ("IFP"). See Docket No. 97 CV 7358, Entry 63. The docket for this case indicates that, on January 6, 1998, the Court granted Petitioner IFP status. See Docket No. 97 CV 7358, Entry 2. The Court sees no reason to disturb that designation at this juncture. Because Petitioner's IFP motion is moot, the motion is hereby DISMISSED without prejudice.

[3] Petitioner also filed a document entitled "Status Conference Request/Judgment on the Pleadings" on April 14, 2006. See Docket No. 97 CV 7358, Entry 62. Because the Motion to Reconsider raises the same arguments as this purported status conference request, and all such arguments have been addressed herein, the Court hereby DENIES Petitioner's request for a status conference and judgment on the pleadings.

convicted felon, in violation of 18 U.S.C. § 922 (g)(1).[4]  See United States v. Burrell, Docket No. 93 CR 319 (SJ), Entry 35.  On September 9, 1995, this Court sentenced Petitioner to a term of 120 months of imprisonment, 3 years of supervised release, and a $50.00 special assessment.  See United States v. Burrell, Docket No. 93 CR 319 (SJ), Entry 60.  The United States Court of Appeals for the Second Circuit (the "Second Circuit") affirmed Petitioner's conviction on October 18, 1996.  See United States v. Burrell, No. 95-1520, 1996 U.S. App. LEXIS 10447, at *1 (2d Cir. May 6, 1996) (unpublished op.), cert. denied, Burrell v. United States, 519 U.S. 1047 (1996).

On December 6, 1997, Petitioner filed the § 2255 Motion, alleging only that he received ineffective assistance of counsel during his criminal proceedings.  In February 1999, Petitioner filed a motion in Connecticut state court to vacate his 1990 state felony conviction.  The state court granted Petitioner's motion and vacated his conviction on the ground that it was illegally obtained.  Petitioner then, through a series of supplemental filings, amended the § 2255 Motion to include a claim of actual innocence, on the grounds that (1) the vacatur of the felony conviction that served as the predicate offense for his felon-in-possession charge was a sufficient basis on which to vacate the federal conviction, in accordance with Custis v. United States, 511 U.S. 485 (1994) and related precedents, and (2) his Alford plea to the underlying Connecticut state felony does not

---

[4]In 1990, Petitioner was charged with assault in the third degree and possession of a weapon in a motor vehicle in Connecticut Superior Court, in violation of Conn. Gen. Stat. § 29-38.  On August 3, 1990, he pled guilty to the charges pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), whereby he declared himself guilty, but did not make an express admission of guilt.

qualify as a "conviction" for the purposes of the federal felon-in-possession statute. Petitioner also filed an amendment in which he contended that his criminal sentence violated the new law set forth by the Supreme Court of the United States (the "Supreme Court") in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Although Petitioner proceeded *pro se* at the inception of the habeas case, Petitioner retained Paul Nalven, Esq. ("Nalven") as counsel to represent Petitioner with respect to the § 2255 Motion; Nalven filed a notice of appearance in this case on November 12, 1999. See Docket No. 97 CV 7358, Entry 11.[5]  However, in a letter dated October 19, 2000, Petitioner later moved to relieve Nalven as counsel of record, alleging that Nalven seemed to be unavailable by telephone and did not respond to written correspondence. See Docket No. 97 CV 7358, Entry 24.

In a Memorandum and Order dated February 8, 2001 (the "February 8, 2001 Order"), the Court dismissed the § 2255 Motion, denying Petitioner's ineffective assistance of counsel claim and his Custis-based actual innocence claim.  However, the Court did not consider Petitioner's motion to relieve Nalven as counsel, the applicability of Apprendi to Petitioner's sentence, and Petitioner's claim of actual innocence based on his Alford plea in Connecticut state court. Petitioner appealed to the Second Circuit,

---

[5]Petitioner also avers, at various points in the Motion to Reconsider, that Alexei Schacht, Esq. ("Schacht") also served as Petitioner's retained attorney during the habeas proceedings. Pet'r Mot. Reconsider 18, 32. The record indeed contains filings submitted on Petitioner's behalf and signed by Schacht. However, the docket related to the habeas case reveals that Schacht did not file a notice of appearance. Because Schacht does not appear as the attorney-of-record on the docket, and because it appears that both Schacht and Nalven worked for the same law firm, the Court will only reference Nalven when considering Petitioner's claims regarding attorney representation.

which, on January 14, 2002, vacated the February 8, 2001 Order in part and remanded the § 2255 Motion to this Court for consideration of the remaining issues. See Docket No. 97 CV 7358, Entry 35.

On March 22, 2002, the Court granted Petitioner's motion to relieve his prior attorneys and appointed pro bono counsel, Arza Rayches Feldman, Esq., to brief the remaining issues on behalf of Petitioner. See Docket No. 97 CV 7358, Entry 42.

In the August 19, 2002 Order, in accordance with the Second Circuit remand, the Court considered Petitioner's remaining claims and concluded that (1) Petitioner's claim of actual innocence based on his Alford plea was without merit, (2) Apprendi did not apply to Petitioner's case, and (3) reconsideration of Petitioner's claims in support of vacating or reducing his sentence and ineffective assistance of counsel was inappropriate because it was beyond the limited scope of the remand. Burrell v. United States, No. 97 CV 7358, 2002 U.S. Dist. LEXIS 18195, at *1 (E.D.N.Y. Aug. 19, 2002). Petitioner appealed the August 19, 2002 Order to the Second Circuit; this Court's decision was affirmed on September 24, 2004. See Burrell v. United States, 384 F.3d 22 (2d Cir. 2004).

Petitioner filed the instant motion, entitled "Motion to be Relief [sic] from Judgment, Pursuant to Fed. R. Civ. P. 60(b) and/or Pursuant to the Writ of Coram Nobis Act, 28 U.S.C. § 1651," on or about December 23, 2005. In a lengthy filing, Petitioner, in sum and substance, alleges that the court erred in its February 8, 2001 and August 19, 2002 Orders by (1) failing to hold an evidentiary hearing with respect to Petitioner's claims of actual innocence based on Custis and the Alford plea, (2) prejudicing Petitioner

5

by failing to relieve promptly Nalven as retained counsel for the § 2255 Motion, and (3) improperly analyzing Petitioner's claims of actual innocence. Petitioner also alleges that the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004), renders his sentence constitutionally defective.[6]

## DISCUSSION[7]

I. **Motion to Reconsider, pursuant to Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Thus, a Rule 60(b) motion may be predicted on one of the five specific and narrow grounds for relief or on the sixth, more general ground. However, a "proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances or extreme hardship." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (citations and internal quotation marks omitted).

---

[6] Petitioner also challenges his sentence based on Blakely in a separate motion dated August 5, 2005, and entitled "Request to File Out of Time Appeal/For Direct Appeals Rights Pursuant to Blakely v. Washington Decision." See Docket No. 93 CR 319, Entry 87.

[7] This Court must afford Petitioner, as a *pro se* litigant, a liberal reading of his papers, and interpret them "to raise the strongest arguments that they suggest." Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (internal citation and quotation omitted).

6

While being cognizant of Rule 60(b)'s requirements, the Court must also exercise care in reviewing such motions where a habeas proceeding is at issue, as such motions may simply be an attempt to avoid statutory requirements regarding second or successive habeas petitions.[8] Thus, when determining whether to construe motions as those made pursuant to Rule 60(b) or a second or successive petition pursuant to § 2255, "the threshold question for this Court is whether the instant motion addresses the integrity of the federal habeas proceedings," Parke v. United States, Nos. 97 CV 526, 92 CR 035, 2004 U.S. Dist. LEXIS 2202, at *7 (S.D.N.Y. Feb. 17, 2004) (citations omitted), or instead "attacks the underlying conviction," Harris, 367 F.3d at 82.

In this case, Petitioner does not allege which of the six possible grounds for Rule 60(b) relief applies to this case. It seems that either (1) or (6) would be the most applicable categories. However, category 1 does not apply because a Rule 60(b)(1) motion may not be brought after the time for a direct appeal of a court's decision has run. In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003). Thus, the Court will evaluate the four principal arguments set forth in the Motion to Reconsider under Rule 60(b)(6).

### A.   Failure to Hold an Evidentiary Hearing

---

[8] Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255. The purpose of such a procedural requirement is to rein in successive petitions. See Corrao v. United States, 152 F.3d 188, 190 (2nd Cir. 1998) (citation omitted); see also 28 U.S.C. § 2244(b)(3).

P-049

Petitioner first alleges that the Court erred in failing to hold an evidentiary hearing regarding his claims of actual innocence. Petitioner also alleges that, as a result of that failure, he was "denied the right to correction of records and files [and] the rights [sic] to be heard." (Pet'r Mot. Reconsider 8.)

This argument is without merit. As Petitioner correctly recognizes, district courts have discretion to determine whether to grant a full evidentiary hearing or to rely on other expansions of the record to determine whether the petitioner has a substantial claim. Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). The expansive record for this case contains numerous filings submitted by both Petitioner and Nalven. Although no evidentiary hearing was held in the habeas proceedings at issue, these filings, together with the record from the underlying criminal case, provided more than ample evidence on which the Court could base the findings and conclusions regarding actual innocence included the February 8, 2001 and August 19, 2002 Orders.

Moreover, Petitioner's assertions regarding his inability to be heard fully and to develop fully the records are belied by the procedural history of this case. Prior to issuing the February 8, 2001 Order, the Court held at least 4 conferences regarding, and never foreclosed Petitioner's ability to submit filings in support of, the § 2255 Motion. After the Second Circuit's remand, the Court gave Petitioner an opportunity to file additional supporting briefs, of which he availed himself. It is thus clear that Petitioner's claims of actual innocence have been thoroughly reviewed and additional findings through an evidentiary hearing were unnecessary.

P-049

### B.  Failure to Relieve Retained Counsel Promptly

Petitioner also alleges that he was prejudiced by this Court's failure to relieve Nalven as attorney-of-record for the habeas proceeding. As evidence of the alleged prejudice, Petitioner specifically contends that Nalven failed to argue properly Petitioner's claims of actual innocence and failed to move for "correction of the records and files which would result in either the reversal of [the Court's] conviction or re-sentencing." (Pet'r Mot. Reconsider 18.)

Petitioner's argument is unavailing, as Petitioner suffered no prejudice as a result of the Court's delay in granting Petitioner's motion to relieve retained counsel and to appoint pro bono counsel. First, the premise upon which Petitioner's prejudice argument is based, namely, that he was subjected to ineffective counsel, cannot be sustained. "In typical civil proceedings, the Second Circuit has very rarely grant[ed] relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct," because one "voluntarily chose[s] [his] attorney as his representative in the action" and thus cannot "avoid the consequences of the acts or omissions of this freely selected agent." Harris, 367 F.3d at 81 (citations omitted). "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." Id.

A petition for a writ of habeas corpus is a civil proceeding and is, therefore, subject to that same abandonment standard. Id. However, AEDPA necessarily requires a stricter

9

application of that standard in order to avoid having AEDPA's requirements regarding successive petitions swallowed by Rule 60(b)(6). See id. More importantly, habeas petitioners represented by counsel, like all litigants seeking habeas relief, have no constitutional right to counsel in the context of habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991). Thus, a petitioner must pass a high bar in order to succeed on a claim alleging ineffective assistance of counsel in habeas proceedings.

Although Petitioner's dissatisfaction with Nalven's representation is certainly unfortunate, Petitioner has not shown that Nalven either actually or constructively abandoned Petitioner's case, a prerequisite for Rule 60(b)(6) relief due to attorney failure. The record indicates that, between November 19, 1999, and October 26, 2000, the date on which Petitioner filed his motion to relieve counsel,[9] Nalven filed at least two substantive letters, appeared at least four times before this Court for conferences, and filed at least one letter requesting a case update from the Court. Nalven's level of participation in this case simply does not support a finding of abandonment. Therefore, the Court cannot conclude that Nalven's performance, and thus the Court's failure to relieve Nalven as Petitioner's counsel, constitutes "extraordinary circumstances" justifying Rule 60(b)(6) relief.[10]

---

[9]This motion was entitled "Petition for Writ Ad Inquirendum." See Docket No. 97 CV 7358, Entry No. 24.

[10]The Court acknowledges its oversight in not directly addressing Petitioner's motion to relieve counsel in the February 8, 2001 Order. However, this oversight was remedied upon the Second Circuit's remand and the Court's ultimate granting of that motion on March 22, 2002. See Docket No. 97 CV 7358, Entry 41.

10

### C. Incorrect Application of Precedent to Claims of Actual Innocence

Petitioner further contends that the Court erred when it denied his claims of actual innocence by incorrectly applying the law to the facts of his case. However, Petitioner has not cited any facts or precedent that compels this Court to disturb the conclusions reached in its February 8, 2001 and August 19, 2002 Orders, both of which have been reviewed by the Second Circuit. Thus, Petitioner's argument fails to demonstrate that Rule 60(b)(6) relief is warranted on this ground.

### D. Applicability of Blakely v. Washington

Finally, Petitioner asserts that his sentence was imposed in violation of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Blakely held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the system of enhancements established by the United States Sentencing Guidelines (the "Guidelines") violated the Sixth Amendment, as construed in Blakely. See id. at 231-35. In an effort to preserve the Guidelines, the Supreme Court excised the "the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C.A. § 3553(b)(1)." Booker, 543 U.S. at 245.[11] This corrective

---

[11] The Supreme Court also found it necessary to eliminate "one other statutory section, [18 U.S.C.A.] § 3742(e) . . . which depends upon the Guidelines' mandatory nature." Id.

11

P-049

measure rendered the Guidelines "effectively advisory" in nature. Id. Relying on these holdings, Petitioner now suggests that his sentence, based on facts found by the Court during sentencing and under the mandatory Guidelines regime, was unconstitutionally imposed.

Because the Court has previously adjudicated his § 2255 Motion on the merits, Petitioner's Blakely claim constitutes a new attack on his criminal sentence, which is not reviewable by this Court under Rule 60(b). Harris, 367 F.3d at 82 ("[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) . . . treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) . . . simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b).") (citation omitted).[12] Therefore, the Court cannot grant Rule 60(b)(6) relief on this ground.

## II.   Motion to Reconsider, Pursuant to the All Writs Act

As an alternative ground for relief, Petitioner requests that the Court vacate his criminal judgment through the issuance of a writ of error coram nobis, and pursuant to the All Writs Act. Such reliance is, however, misplaced. The All Writs Act provides, in

---

[12]Because, as previously noted, Petitioner has raised a Blakely challenge in a separate filing, the Court will transfer this claim to the Second Circuit as a second or successive habeas petition in a separate Memorandum and Order that will be docketed at 93 CR 319 and 97 CV 7358.

P-049

pertinent part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). One such writ is a writ of error coram nobis, "a traditional common-law writ that allowed for the correction of factual or clerical error in the judgment of a court by the same court that had rendered judgment." Grullon v. United States, No. 99 CV 1877, 2004 U.S. Dist. LEXIS 16878, at *23 (S.D.N.Y. Aug. 24, 2004) (citation omitted).

Although courts are still entitled to exercise coram nobis jurisdiction, coram nobis has become a disfavored means of exercising jurisdiction and the circumstances under which it can be exercised are narrowly limited. Id. (citations omitted and quotations omitted). Thus, "[a] writ of coram nobis should only be issued, and thereby litigation that would otherwise be exhausted continued, when the circumstances compel its use to right a great injustice." Id. at *24 (citing Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998)) (other citation omitted). In order for Petitioner to be entitled to this Court's exercise of coram nobis jurisdiction, he must demonstrate that: "(1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) [that he] continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. (citing Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).

Petitioner cannot meet the standard which would allow this Court to grant coram nobis relief. Petitioner has sought earlier forms of relief, including direct appeals and

13

collateral attacks, and has failed, both then and now, to establish any occurrence of injustice that undermines the integrity of his criminal proceedings. The Second Circuit affirmed, in the first instance, Petitioner's criminal conviction and sentence. Both this Court and the Second Circuit considered all of Petitioner's § 2255 claims, including actual innocence, and denied each. Petitioner has not, either in the pending Motion to Reconsider or otherwise, provided any new evidence prompting the issuance of an extraordinary writ. Given the absence of such evidence, the Court cannot grant Petitioner's motion on this ground.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Reconsider is hereby DENIED. Petitioner's motion to amend the caption of this case is hereby GRANTED. The Clerk of Court is hereby directed to amend the caption of this case such that Petitioner is identified as "John Fraser, *also known as, Andrew Burrell.*" Petitioner's request for a status conference and judgment on the pleadings is hereby DENIED. Petitioner's motion to proceed IFP is hereby DISMISSED without prejudice.

SO ORDERED.

Dated: September ___, 2006
    Brooklyn, NY

s/SJ
_____
Senior U.S.D.J.